### CINCINNATI v. MARGARET TAYLOR.

1. CROSSING DEFECTIVE WALK—CONTRIBUTORY NEGLIGENCE.

A person who voluntarily attempts to pass over a sidewalk, which he knows to be dangerous, by reason of defects, and which he might easily have avoided, cannot be regarded as exercising ordinary prudence, and is not entitled to recovery for injuries thereby received.

2. VERDICT INCONSISTENT WITH SPECIAL FINDINGS,

Where the jury, in an action for injuries resulting from a defective sidewalk, returned a verdict for the plaintiff accompanied by special findings to the effect that the walk in question was in a broken and dilapidated condition at the time of and before the accident, and that plaintiff at the time of the accident had knowledge to that effect, and also finding that the sidewalk on the other side and the center of the street were then in a safe condition, it was the duty of the court to render judgment for defendant.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

This was an action for damages for a personal injury arising from the negligence of the city to keep in repair a board sidewalk. The jury returned a verdict in favor of the plaintiff below for $350, and also answers to certain interrogatories, to-wit:

1. Was the sidewalk in question in a broken, dilapidated and dangerous condition on occasion of plaintiff's going over it two weeks prior to the date of the accident?

Answer. Yes.

2. Was it in the same condition upon the morning of the accident?

Answer. Yes.

3. Had the plaintiff, before crossing the sidewalk on the morning of the accident, knowledge of its condition?

Answer. Yes.

These interrogatories and answers were addressed and must be construed as applying to that part of the sidewalk in controversy. The jury also found that the other side as well the middle of the street were at the time in a safe condition for foot travel. Under these special findings the court ought, in accordance with the syllabus in Schaeffer v. Sandusky, 33 Ohio St., 246, to have rendered judgment for the defendant. The judgment in the court of common pleas will be reversed and judgment entered in this court for the plaintiff in error.

*H. K. Rogers*, for plaintiff in error.

*Samuel Wolfstein* and *C. C. Benedict*, contra.